UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANDREW CHRISTOPHER TESCH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 4:09-cv-012-SEB-WGH |
| ) | |
| SHERIFF DARRELL MILLS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

The plaintiff in this civil rights action is Andrew Tesch, an inmate at the Floyd County Jail. The defendants are Sheriff Darrell Mills, Captain Steve Knight, Lieutenant Andrew Sands, and Dr. Eichenberger. Tesch's claims in this action are that: (1) the privacy of his medical information maintained at the Jail was compromised; (2) the medical care he received at the Jail was deficient; and (3) the conditions of his confinement at the Jail violated his federally secured rights.

The defendants seek resolution of Tesch's claims through the entry of summary judgment. Summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." **FED.R.CIV.P.** Rule 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

"When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." **FED.R.CIV.P.** 56(e)(2). In this case, the defendants have met that burden through their motions for summary judgment, which Tesch has not opposed. The consequence of this is that he has conceded the defendants' versions of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which Tesch was notified. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

The defendants' motions for summary judgment are **granted,** because they have established through the evidentiary record that there is no genuine dispute as to any material question of fact and that they are entitled to judgment as a matter of law. The court reaches this conclusion based on the following facts and circumstances:

1. Tesch's claims are asserted pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

   a. Tesch's claims concerning the conditions of his treatment at the Jail will be analyzed for the most part under the Fourteenth Amendment, because the constitutional rights of a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979). Pursuant to constitutional requirements, a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.,* 441 U.S. at 535.

   b. Under the Due Process Clause, the standard with respect to the right to safe conditions of confinement is whether the defendants acted with deliberate indifference towards the plaintiff by ignoring a known and substantial risk to the inmate's safety. *Butera v. Cottey,* 285 F.3d 601, 605 (7th Cir. 2002); see also *Payne v. Churchich,* 161 F.3d 1030, 1041 (7th Cir. 1998) ("A detainee establishes a § 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger."). Deliberate indifference requires a showing of two elements in this setting. *Palmer v. Marion County,* 327 F.3d 588, 593 (7th Cir. 2003). First, a detainee must "objectively show that he was incarcerated under conditions posing a 'substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Second, a detainee must establish that the defendant had "knowledge of and disregarded the risk to his safety*." Id.* (citing *Farmer,* 511 U.S. at 837 ("[A] prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety.")).

2. Tesch's claim that the privacy of medical records was not maintained at the Jail does not support relief in this case. Although inmates have an interest in being free from calculated harassment unrelated to prison needs, *Hudson v. Palmer,* 468 U.S. 517, 526-30 (1984), they have no general Fourth Amendment interest in privacy. *Johnson v. Phelan,* 69 F.3d 144, 150 (7th Cir.1995), *cert. denied,* 519 U.S. 1006 (1996). The material facts relevant to this claim is that all inmate medical files are locked in a storage file at the Jail, only authorized medical personnel have access to the storage file, and access to medical records to appropriate Jail personnel is authorized in order to assure the inmates are provided adequate medical care. During a medical examination, a Jail officer is present for security purposes. Under the circumstances, this was not an unreasonable measure or one which infringed on whatever residual privacy interests Tesch retained in the Jail. *Braxton v. Webster, M.D.*, 2007 WL 3091555 (S.D.Ind. 2007)(citing cases). Furthermore,

Tesch is aware that medical care request slips are not to be given to anyone other than authorized personnel and that such request slips can be prepared with the word "private" placed on them in order to maintain privacy concerning the nature of the inmate's concern.

     3.    Tesch presented various complaints concerning his right shoulder while he was confined in the Jail.

> A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind." The officials must know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference."

*Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005) (some quotations and internal citations omitted).

     a.    A court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). That examination shows in this case that Tesch did not suffer medical mistreatment or a denial of medical care while he was at the Jail, even if he suffered pain from his physical condition.

     b.    For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)); *see also Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006). The Jail physician, Dr. Eichenberger, examined Tesch's shoulder and directed the treatment of it, along with responding to all the other symptoms Tesch presented. What the medical records show does not create a genuine question of fact as to whether the medical judgments concerning his condition and treatment were such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that Dr. Eichenberger did not base the decision on such a judgment.

     c.    Sheriff Darrell Mills, Captain Steve Knight, Lieutenant Andrew Sands are not medical personnel. Because Tesch was under the care of the Jail physician, these defendants acted reasonably in relying on that physician's expertise. *See Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008)("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one.").

    Similarly, the record does not show that the defendants or other Jail staff either ignored Tesch's requests for medical care or delayed their responses to those requests in a manner which was detrimental to Tesch. *See Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996) (delaying treatment of a serious medical condition could constitute deliberate indifference, but to prove such a claim the inmate must produce medical evidence "'to establish the detrimental effect of delay in medical treatment.'")(quoting *Byerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995)).

    d.    These circumstances negate the existence of deliberate indifference regarding Tesch's medical needs while at the Jail. This, then, is fatal to the claim of deliberate indifference in relation to medical care while confined at the Jail.

    4.    Tesch's final claim is that the conditions of his confinement at the Jail violated his federally secured rights. "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Although in some respects unpleasant, nothing in Tesch's confinement at the Jail, insofar as shown by the evidentiary record here, shows that he was incarcerated under conditions posing a substantial risk of serious harm to him or that any defendant was deliberately indifferent to Tesch's safety and welfare. Similarly, Tesch fails to identify any prejudice based on the composition of or any restriction on his access to the Jail law library. *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003)("[T]o state a right to access-to-courts claim and avoid dismissal . . . a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.").

    5.    Although "'federal courts must take cognizance of the valid constitutional claims of prison inmates,'" *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)), Tesch has presented no claim of that nature in this case. For the reasons explained in this Entry, therefore, the defendants' motions for summary judgment (dkt 30 and dkt 32) are **granted.** Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date:   09/22/2009

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana